McKinney, J.,
delivered the opinion of the court.
This suit was commenced before a justice of the peace of "White county to recover back money paid under the coercion of legal process. The facts are-these: On the 8th of October, 1851, one W. L. "Wood, and Grissom, the plaintiff, jointly confessed judgment in favor of John Witt, before a justice, for $25.15, upon a bill single executed by Wood and Grissom. Execution upon this judgment was “ stayed ” by one Denton at the instance and request of Wood alone, as is alleged, Grissom not joining in procuring the stay. After the expiration of the stay, execution issued, and was satisfied out of the property of plaintiff, Grissom, by the defendant, Moore, the constable in whose hands the process was placed. - To recover back the amount thus collected, is the object of the present suit. The plaintiff failed to recover in the circuit court, and has brought the case here by an appeal in error.
The ground of recovery is, that Grissom was merely the surety of Wood in the bill single on which said judgment was confessed, and that as execution was stayed without his procurement, he was not, by the act of 1812, ch. 136, § 1, liable upon said judgment, unless the principal and stayor had both become insolvent, which, in the present case, was not the fact, so far at least as respects the stayor, and that he protested against his liability, to the defendant, before the levy by him of the execution, but the defendant, with full knowledge of the facts, persisted in the wrongful levy *363 and sale of' plaintiff’s property. The relation of principal and surety does not appear upon the face 'of the hill single, upon which "Wood and Grissom confessed the judgment before mentioned; nor is the fact that Grissom was but the surety of "Wood, in said hill single, recited either in the magistrate’s judgment, or in the execution under which the defendant Moore made the levy. Upon this ground alone, his Honor the circuit Judge, instructed the jury that the plaintiff could maintain this suit.
This instruction is supposed to be erroneous. "We do ■ not think so; and as no other question is raised in the argument here, we will consider only the point made in the charge. The act of 1843, ch. 32, introduced a material change of the law upon this subject. The first section provides that in all. judgments rendered in any court of record, or by any justice of the peace, “ against a principal and security, or securities,” it shall be the duty of the sheriff or other officer having the collection of such judgment, to exhaust all the property in his county liable to execution, both real and personal, of the principal, before he shall be at liberty to proceed against the property of any security, endorser, or stayor. But it is provided by the second section, that before any security, or endorser shall be entitled to the benefit of this act, he shall make it appear to the court or justice trying the cause, that he is in fact, only a surety or endorser; and this fact shall be recited in the judgment and execution; and justices of the peace, where executions shall have been stayed, shall also recite the fact, and the name of the stayor in the execution. The officer being thus per *364 emptorily required, at Ms peril, first, to exhaust the property of the principal debtor, the provision is a wise and proper one, that the judgment and execution shall furnish upon their face incontrovertible evidence of the relation of the parties. This provision was designed to preclude all inquiry, after judgment, into the antecedent relation of the defendants, and to cut off all subsequent litigation upon collateral issues upon their prior relations. The consequence is, that if the requirement of the second section of the act has not been observed, the defendants are all to be treated as principals, and neither can resort to any matter in avoidance of liability upon the judgment and execution, growing out of the former relation as surety, or endorser. "
We do not hold that the provision of the act of 1842, ch. 136, § 1, which exonerated a “security or endorser” who has not joined in procuring a stay of execution, unless the principal debtor and stayor shall both become insolvent, is repealed by the act of 1843, ch. 32. We merely assert that the surety or endorser is precluded from availing himself of the provision of the first mentioned act, unless the fact of his being surety or endorser, shall be made to appear upon the face of the judgment and execution, as required by the latter act. 11 Humph, 445.
Judgment affirmed.